United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50045
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN DESHONE THORNTON, also known as "KT",

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-03-CR-84-ALL
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Kelvin Deshone Thornton was convicted of attempted distribution of cocaine base. Thornton asserts that the evidence was insufficient to support his conviction for attempted distribution of cocaine base, because he did not engage in conduct that amounted to a substantial step towards distributing cocaine base.

The standard for reviewing Thornton's claim of insufficient evidence is "whether, viewing all the evidence in the light most

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favorable to the verdict, a rational trier of fact could have found that the evidence establishes the essential elements of an offense beyond a reasonable doubt." United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003). To be convicted of attempt under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, the Government must show (1) that the defendant acted "with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting" and (2) that the defendant engaged in conduct constituting a substantial step towards the commission of the crime. United States v. Stone, 960 F.2d 426, 433 (5th Cir. 1992).

Here, Thornton completely negotiated two sales of cocaine base. In the first transaction, Thornton was the seller, and, in the second transaction, Thornton was the negotiator of the sale who was to receive a commission from the transaction. Thornton was persistent in his attempts and did everything he could do to finalize the negotiated sale. Accordingly, viewed in the light most favorable to the verdict, there was sufficient evidence for the jury to reasonably conclude that Thornton acted with the culpability required for the crime of distribution of cocaine base and that Thornton performed substantial steps toward the commission of the crime of distribution of cocaine base.

AFFIRMED.